**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NESTER OLMO-ARTAU,

    *Plaintiff,*

vs.

DANIEL FARR, in his official capacity as a Bonner Springs, Kansas Police Department Officer, and as an individual,

JOHN HALEY, in his official capacity as Chief of Police of Bonner Springs, Kansas Police Department Officer, and as an individual, and

CITY OF BONNER SPRINGS,

    *Defendants.*

Case No.  11-2148-EFM

**MEMORANDUM AND ORDER**

    Defendants John Haley and the City of Bonner Springs ask the Court to dismiss two counts of Plaintiff's complaint seeking municipal liability for a violation of 42 U.S.C. § 1983.  Plaintiff alleges that Defendant Daniel Farr used excessive force when arresting Plaintiff in the wake of a domestic dispute at Plaintiff's home.  Because Olmo's complaint lacks factual support necessary for the Court to reasonably infer that Olmo has a plausible claim against the municipality for relief under section 1983, the Court grants Defendants' motion to dismiss Counts III and IV.

## I. Factual and Procedural Background[1]

Plaintiff Nester Olmo-Artau's ("Olmo") amended complaint sets forth the following facts. In the early morning hours of December 5, 2009, a verbal disagreement arose between Olmo and his wife. Mrs. Olmo ended the fight by going to sleep, but Olmo was still upset about the disagreement. Olmo called the police, allegedly hoping that the police would force his wife to stay with a relative for the night while Olmo stayed in the house.

Defendant Officer Daniel Farr, Field Training Officer Michael Saunders, and another officer responded to the call. According to Olmo, Officer Farr talked remained in the living room to speak to Olmo while the other two officers woke Mrs. Olmo and verified that no physical altercation had occurred between the Olmos. Olmo alleges that Officer Farr made derogatory remarks to Olmo and decided that Olmo needed to leave the house. Officer Farr handcuffed Olmo and, according to the complaint, severely injured Olmo by pushing him, knocking him to the ground, and banging his head against the wall or door. Olmo claims that he complained of his injuries at the jail, but was denied any medical relief. Upon his release, Olmo learned that he fractured two lumbar vertebrae and attributed these injuries to the use of excessive force by Officer Farr.

Olmo brought this lawsuit alleging four causes of action under 42 U.S.C. § 1983. Counts I and II name Officer Farr as defendant and allege that he committed a battery against Olmo and, while acting under color of state law, exercised excessive force in violation of Olmo's constitutional rights under the Fourth and Fourteenth Amendments. Counts III and IV—the claims at issue in this motion to dismiss—name John Haley, Chief of Police of the Bonner Springs Kansas Police Department, and the City of Bonner Springs as defendants. In these two counts, Olmo alleges that

---

[1] The Court has set forth the uncontroverted facts, and those facts that are disputed are related in the light most favorable to the plaintiff.

Chief Haley and the City are liable under section 1983 for (1) employing unconstitutional municipal customs, policies, practices, and usages; and (2) inadequately training and supervising police officers.

On July 1, 2011, Chief Haley and the City moved the Court to dismiss Counts III and IV under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In response, Olmo filed an amended complaint on July 22, 2011.[2] Chief Haley and the City again moved the court to dismiss under Rule 12(b)(b) Counts III and IV of the amended complaint. Because Olmo's complaint fails to assert a plausible claim that Chief Haley and the City are liable under section 1983, the Court grants Defendants' motion to dismiss Counts III and IV.

## II. Analysis

**A.    Standard for dismissal under Rule 12(b)(6)**.

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[2] *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting a party to amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b)).

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

[5] *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 566 U.S. at 556)

of claims as well the grounds on which each claim rests.[6] Under 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

**B.      Liability of a municipality under 42 U.S.C. § 1983.**

Here, Defendants challenge the section 1983 claims against Chief Haley and the City. Section 1983 states, in relevant part: "Every *person* who under color of [law] subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."[10] Overruling an earlier decision,[11] the Supreme Court has held that, a municipality may be sued as a "person" under section 1983.[12] Municipalities, however, may not be sued under 1983 merely for the acts of their

---

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 129 S. Ct. at 1949.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[10] 42 U.S.C. § 1983 (emphasis added).

[11] *See Monroe v. Pape*, 365 U.S. 167, 187 (1961) (holding that municipal governments may not be sued under section 1983 because "Congress did not undertake to bring municipal corporations within the ambit of [section 1983]").

[12] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

employees.[13]  Instead, plaintiffs must establish that a municipality's unconstitutional policy or custom was the direct cause or moving force behind the alleged injury.[14]  A plaintiff may show the existence of such a policy or custom by: (1) a formal regulation or policy statement, (2) a widespread and well-settled practice within the municipality, (3) ratification of subordinates' actions by a an employee with final policy-making authority, and (4) failure to adequately train or supervise employees as a result of deliberate indifference to potential injuries to the public.[15]  Therefore, to survive the present motion to dismiss, Olmo must have alleged in his amended complaint facts sufficient for this Court to reasonably infer that (1) Chief Haley and the City implemented or executed policies or customs that led directly to Officer Farr's alleged use of excessive force, and (2) such policies or customs have a direct causal relationship with Olmo's alleged injury.[16]

**C.   Olmo's claims that Chief Haley and the City are liable for Olmo's injuries under 42 U.S.C. § 1983 should be dismissed under Rule 12(b)(6).**

In this case, the allegations set out against Chief Haley and the City in Olmo's amended complaint do not cross the line between possibility and plausibility.  Both counts at issue rely on Olmo's assertion that "[i]n the years preceding this incident, there have been many other incidents of excessive force or the allegation of excessive force."[17]  But Olmo's failure to provide any details surrounding these alleged incidents renders both claims implausible.

---

[13]  *See id.* at 691 ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

[14]  *See id.* at 690, 694.

[15]  *See Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188–89 (10th Cir. 2010).

[16]  *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

[17]  Doc. 12, p. 5–6, ¶ 38.

In Count III, Olmo claims that Chief Haley and the City tacitly authorized this alleged misconduct by exhibiting "tolerance of a continuing, widespread, persistent pattern of similar unconstitutional misconduct by their Officers, of which, Chief Haley and Defendant City had full notice, or, full opportunity to discover."[18] But the lack of detail in Olmo's complaint makes it unclear where Olmo obtained his information about the "many other incidents" of police misconduct —word of mouth, public opinion, formal complaints, or judgments against the Bonner Springs Police Department. Absent this information, the Court cannot reasonably infer whether Chief Haley and the City knew or should of have known of these alleged incidents. Furthermore, the Court cannot simply assume the Defendants "had full notice, or, full opportunity to discover" the incidents because this statement is a legal conclusion rather than a factual allegation.[19] Because Olmo has not presented facts sufficient to infer that Chief Haley and the City knew about any prior incidents of excessive force, Olmo cannot establish that they tacitly endorsed any unconstitutional customs or policies. The Court therefore finds Olmo's claim for municipal liability under Count III to be implausible.

Similarly, Count IV of Olmo's complaint fails to state a claim upon which relief can be granted. Olmo asserts that Chief Haley and the City are liable for Olmo's injuries under section 1983 because they failed to "take[] appropriate corrective action to address training and supervisory deficiencies that led to, and, were revealed by, past uses of excessive force by Bonner Springs Police Officers."[20] To prove inadequate training and supervision by a municipality, Olmo must show that

---

[18] Doc. 12, p. 10, ¶ 66.

[19] *See Iqbal*, 129 S. Ct. at 1949.

[20] Doc. 12, p. 6, ¶ 41.

Chief Haley and the City acted with deliberate indifference to public safety.[21]  Because the Court cannot infer that the municipality even knew or should have known about prior instances of excessive force, Olmo has not made a plausible claim that deliberate indifference exists in this case.[22]

Given the sparsity of facts in the complaint, this Court cannot reasonably infer that Counts III and IV are plausible claims against Chief Haley and the City; nor can these defendants mount a defense against Olmo's barren allegations.  Therefore, the Court concludes that Counts III and IV of the amended complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**IT IS ACCORDINGLY ORDERED** this 12th day of December, 2011 that Defendants John Haley and City of Bonner Springs' Motion to Dismiss for Failure to State a Claim (Doc. 14) is hereby **GRANTED**.  It is further ordered that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8) is hereby **DENIED** as moot.

**IT IS SO ORDERED**.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] *See Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003).

[22] *See id.* at 1229 ("The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard that risk of harm.").